IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DAVID E. RONEY,**

    **Plaintiff,**

vs.                                                Case No. 4:07cv80-SPM/WCS

**K. W. CLARK,
PILAR TOURNAY, and the
ACTING WARDEN, FRANKLIN
CORRECTIONAL INSTITUTION,
and NURSE RILEY,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983, doc. 10. Plaintiff was previously advised, doc. 9, of the deficiencies with his original complaint, doc. 1, and the amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has now presented sufficient facts to demonstrate the violation of his Eighth Amendment rights.

Only the deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The concept of deliberate

indifference must be more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm.  Farmer v. Brennan, 511 U.S. 1216, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994).  Subjective recklessness, as defined in criminal law, is the standard which must be shown for an official's actions to rise to the level of deliberate indifference.  *Id.*  Combining the standards from Farmer and Estelle, the Eleventh Circuit has clarified that, "[u]ltimately, there are thus four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts."  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077 (2001).  Indeed, when even medical malpractice does not constitute deliberate indifference or a viable Eighth Amendment claim, *see* Estelle, 429 U.S. at 106, 97 S. Ct. at 292, then being denied more comfortable shoes will not cross the line either.

Eighth Amendment claims are judged in light of "the evolving standards of decency that mark the progress of a maturing society," Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992).  Such claims must consider whether a prisoner has been subjected to the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 103-104, 97 S. Ct. at 290-291.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson, 503 U.S. at 9, 112 S. Ct. at 1000, *citing* Estelle, 429 U.S. at 103-104, 97 S. Ct. at 290-291; Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994).

Plaintiff complains that wearing his state issued shoes make his feet hurt. Doc. 10. Plaintiff is indigent and cannot afford to purchase other shoes. *Id.* Plaintiff went to sick call on November 2, 2006, and requested soft shoes because of the discomfort to his feet. *Id.* Plaintiff's request was denied. The nurse told Plaintiff that there was no bruising or redness and, thus, no visible sign indicating short shoes were necessary. Plaintiff alleges that when he was last incarcerated in 2001, he was given soft shoes or sneakers. He asked that he be provided with the same kind of shoes. Plaintiff's request was denied and he was offered "corn pads," which he refused.

Plaintiff complains that the decision to deny the request for soft shoes was made by a nurse, not a medical doctor. He also argues that he has not received any follow-up care, such as x-rays, since he first made the complaint about his feet in November, 2006.

Plaintiff then filed a formal grievance, which was denied. The response to that grievance again advised Plaintiff that he did not have a medical diagnosis warranting special or soft shoes. Plaintiff filed a grievance appeal to the Secretary's Office seeking to overturn that decision. Plaintiff's appeal was similarly denied.

Plaintiff complains that during his prior periods of incarceration in the Department of Corrections, he was permitted to have soft shoes, and given medical passes for a low bunk, no heavy lifting, and no prolonged standing. Plaintiff contends that medical staff should renew the passes he previously had and that his knee and leg pain warrant such treatment. Plaintiff fails to describes these medical conditions, and thus fails to allege that they are serious medical conditions. He simply believes that since he was prescribe these things in the past, the Eighth Amendment guarantees them to him now.

Plaintiff's amended complaint fails to state a claim in his allegations that he should have been examined by a doctor instead of just a nurse.  Plaintiff was examined by a trained medical professional.  Absent a compelling medical necessity (which is absent here), there is no constitutional right to have an examination by a doctor rather than a nurse.

Furthermore, Plaintiff's amended complaint fails to state a claim in alleging that he was not given x-rays or other diagnostic tests.  In Estelle v. Gamble, the prisoner received treatment for his back injury (bed rest, muscle relaxants and pain relievers), but complained that more should have been done in the way of diagnosis, such as an X-ray or other tests.  The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293.  Thus, Plaintiff's claim is expressly inadequate under Estelle.

Plaintiff's claim that he should be provided soft shoes is also insufficient.  "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment " does not support an Eighth Amendment claim for cruel and unusual punishment.  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991), *citing* Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).  Moreover, Plaintiff has not alleged a serious medical needs with regard to his feet.  Nor has he alleged that anyone has been deliberately indifferent to his needs.  Plaintiff was examined and offered corn pads, but he turned down that offer.

Plaintiff has not alleged a serious medical need for which he should be provided passes for a low bunk, no heavy lifting, and no prolonged standing. He asserts he was wounded in the back from a gunshot in 1972, but fails to describe a current serious medical condition justifying such passes.

Accordingly, it is **RECOMMENDED** that Plaintiff's amended complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 29, 2007.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**